was committed by some of the company, under such circumstances, as that the defendants must have known it; and they took no measures to suppress it, or to detect and punish it, after it had happened.

Verdict passed for the plaintiff, and accepted by the court.

It is of great importance to the public that military officers do their duty when upon command and duly exert their authority to suppress and punish disorders committed by any under their command; and their neglect, may, as in the present case be construed a faulty omission, of duty, which will render them liable in damages to the party injured.

## HUBBARD v. BROWN.

A garnishee is not liable upon a *scire facias,* where his principal was not an absconding debtor, at the time the copy was left in service.

SCIRE FACIAS against Brown as agent, factor, etc. to Robert Williams.

Plea in bar — That at the time of serving the original writ, and of leaving the copy with the defendant, the said Robert was not an absent absconding debtor; but was openly and publicly about and in company with said officer, when he served the said writ, and might have been taken. The plea was traversed and the issue put to the court.

The court found the facts stated in the plea, and gave judgment for the defendant.— By which two points were determined, viz. 1st. That in order to subject the garnishee, the principal must be an absconding debtor, at the time of serving the original process. 2d. That the garnishee may take advantage of this upon the *scire facias.*

## LORD v. MERWIN ET AL.

Where an action is for a cow laid to be worth £7 and £30 damages demanded, the case is not appealable.

ACTION of the case for inserting his name in a certain rate bill unjustly, with the sum of forty-eight shillings annexed; by means whereof, he had a cow taken from him worth £7; to his damage £30.

Plea in abatement of the appeal — That the matter in demand doth not amount in value, £20.

Judgment — Plea sufficient. The plaintiff has valued his cow at £7, and has laid no other ground in his declaration for damages.

## BELLOWS v. SMITH.

Where a person engages to attend at court and give evidence he is to be supported by the party for whose benefit he attends.

ACTION on bond for £40. Plea in bar — That said bond hath the following conditions, viz. Now if the defendant shall assign over and deliver to said Bellows, a book account he has against William Holdrige, with a power to sue and recover it, in Smith's name, for the plaintiff's use; and said Smith shall appear at court, make oath to said account, and do everything necessary to be done on the part of Smith, to support and enable a recovery of said account; then said bond to be void; and then avers that he has kept and performed the conditions of said bond.

The plaintiff replied — That the defendant had not kept and performed the conditions of said bond.

Issue to the court — It appeared that the defendant was a poor man; that he assigned and delivered to the plaintiff said account with a power according to the condition of said bond; that he attended the court and stood ready to swear to the account, but the cause did not come on; he then informed the plaintiff that he could not stay any longer at court, unless he would support him; which the plaintiff refused, and the defendant came away; and the cause was lost for want of the defendant's testimony.

The question in this case was — Whose duty was it to support Smith, by the condition of the bond, while attending court as a witness.

Judgment — That the defendant has kept and performed the condition of said bond.